IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BRYANT V. HAROLD                    §
                                    §
         Plaintiff,                 §
                                    §
VS.                                 §        NO. 3-11-CV-2950-P-BD
                                    §
OCWEN LOAN SERVICING, LLC           §
                                    §
         Defendant.                 §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action brought by Bryant V. Harold, appearing *pro se*, alleging wrongdoing by Ocwen Loan Servicing, LLC in connection with his home mortgage loan. On October 28, 2011, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the *in forma pauperis* application was incomplete and unsigned, the court ordered plaintiff to provide additional financial information within 20 days. *See* Order, 11/2/11. The court also sent written interrogatories to plaintiff in order to obtain more details about the factual basis of this suit. Plaintiff was warned that the failure to answer the interrogatories within 20 days "may result in the dismissal of the complaint for failure to prosecute[.]" *See* Mag. J. Interrog., 11/2/11 at 1. Plaintiff failed to answer the interrogatories or provide the financial information requested. On December 7, 2011, the court issued another order requiring plaintiff to provide information about

his income, assets, and expenses, and directing him to answer the interrogatories. *See* Order, 12/7/11. Once again, plaintiff was warned that the failure to comply with the order within 20 days "may result in the imposition of sanctions, including dismissal of the action for want of prosecution." *Id.* To date, plaintiff still has not provided the financial information requested or answered the interrogatories. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.* at 880; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court twice ordered plaintiff to provide additional financial information and answer written interrogatories. Plaintiff has not complied with those orders despite repeated warnings that his failure to do so would result in the dismissal of the case. The court must obtain additional information from plaintiff in order to screen his complaint and rule on his application to proceed *in forma pauperis*. The inability to proceed with this litigation is directly attributable to plaintiff's failure to provide the information requested. Dismissal is clearly warranted under these

circumstances. *See Wiggins v. Management and Training Corp.*, No. 3-03-CV-1547-L, 2003 WL

22259080 at *1 (N.D. Tex. Sept. 25, 2003), *rec. adopted*, 2003 WL 22415739 (N.D. Tex. Oct. 20,

2003) (dismissing complaint for failure to answer written interrogatories).

## RECOMMENDATION

Plaintiff's complaint should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner

provided by law.  Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place

in the magistrate judge's report and recommendation where the disputed determination is found.  An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*,

79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 13, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE